# The Town of Douglas

*v.*

# The Niantic Savings Bank *et al.*

*Filed at Springfield January 28, 1881.*

1. Municipal bonds—*power to make a donation to railroad company.* Where the charter of a railroad company, passed in 1869, authorized the raising by towns of money by tax, and the subscription of the same to the capital stock of the corporation, and the issuing of bonds in payment of the same, upon an affirmative vote authorizing the same, and a subsequent section of the charter provided that donations might be made and bonds issued in the manner "hereinbefore provided," it was *held,* that the preceding sections, providing for an election, etc., as to subscriptions, were referred to and adopted as the proper mode for making a donation, and that the statute was to be regarded as meaning the same thing as if the power to make donations had been inserted in the preceding sections relating to subscriptions.

2. Same—*corporate authorities of towns to make donations and issue bonds.* While the supervisor and town clerk of a town are not the proper corporate authorities of the town to determine whether such town shall assume a liability by subscription or donation to a railroad company, or to levy taxes to pay the bonds issued, or interest thereon, yet they are the proper functionaries, after such a liability has been voted by the electors, to make the sub-

scription or donation, and to issue the bonds of the town in payment and discharge thereof: In such case the supervisor is a very appropriate officer, or "proper corporate authority" to sign and seal, in behalf of his town, bonds for the payment of the subscription or donation.

3. SAME—*not void for irregularity when in the hands of innocent holders.* Objections which relate only to the regularity in the making and issue of municipal bonds in aid of a railroad company, and not to the power to issue the same, can not prevail against *bona fide* holders.

APPEAL from the Appellate Court for the Third District: heard on appeal from the Circuit Court of Effingham county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. JOHN M. & JOHN MAYO PALMER, for the appellant.

Messrs. HAY, GREENE & LITTLER, for the appellees.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

This was a bill filed in the circuit court of Effingham county against the holders of certain railroad bonds, issued in the name of the town of Douglas, and against the county collector of that county, and other officers, to enjoin the collection of a tax, which was in process of collection, for paying such bonds. Complainants insisted that the bonds were issued without authority of law, and were not binding upon the town. The circuit court, on hearing, granted the relief sought, and enjoined the collection of the tax. From that decree the defendants appealed to the Appellate Court for the Third District. There this decree was reversed, and the bonds held valid. From the judgment of that court the town of Douglas appealed to this court.

The bonds were voted as a donation to aid in the construction of the Bloomington and Ohio River Railroad, and purport to have been issued by the town of Douglas, by "virtue of a vote of the majority of the voters of the said town of Douglas, on the 24th day of November, 1869, which election

was authorized by, and was conducted according to, the provisions of an act of the General Assembly of the State of Illinois, approved March 10, 1869, entitled 'An act to incorporate the Bloomington and Ohio River Railroad Company'."

It is insisted by counsel of appellant in this court, that the act mentioned as authority for the issue of these bonds fails to confer such authority. The only section of the act relating expressly to donations is the nineteenth, which provides that towns (situated as the town of Douglas is shown to be) " are hereby empowered to make donations and to issue bonds for the same, in the manner hereinbefore provided, to said railroad, for the construction and completion of the same."

On examination of the sections of the act preceding this section, no provisions are found which, on their face, relate to the taking of a vote in such a town on the question of making donations; and, in view of the constitutional prohibition, (that no such donation can be lawfully made, without a vote of the people of the town in its favor, taken in pursuance of some statute providing for an election on that subject,) counsel insist the want of statutory provision for such a vote is fatal to the validity of the bonds.

Counsel insist that the words, "in the manner hereinbefore provided," found in section 19, have relation only to the manner of issuing the bonds, and that these words have no relation to the mode of holding an election as to whether a donation shall be made or not.

Section 8 authorized the raising, by towns, of money by a tax, and the subscription of the same to the capital stock of the corporation, and for the issuing of bonds in payment of such subscription to the stock, with a proviso that no subscription should be made, and no tax should be levied, until the same should have been voted for, "as hereinafter provided."

Section 9 provided the mode of holding an election and determining whether a tax and subscription to the stock should be made, and the mode of fixing the amount of sub-

scription; and section 10 provided, that where such an election results favorably to the subscription and tax, the tax should be levied and the subscription made, and the bonds issued in payment thereof, in a given mode.

In our judgment, when section 19 provided that donations might be made, and bonds issued, in the manner "hereinbefore provided," reference is had to the mode provided in the preceding sections for a lawful subscription to the stock of the corporation, and for the issue of bonds for the payment of such subscription. We therefore find, in these preceding sections, the authority given, in substance, by law, for the necessary election required as a condition precedent to the lawful issue of the bonds now under consideration.

We regard the statute as meaning the same thing as if the power to make donations had been inserted in the preceding sections, and as if all provisions applicable to the issue of bonds in payment of stock subscriptions, had, in terms, been made applicable to the form and necessary foundation of issuing bonds in payment of donations.

As to donations, therefore, the statute, in section 8 (by reason of that contained in section 19) must be taken as providing that such towns "are hereby authorized to raise money by a tax to be levied upon all the real and personal property" in said towns, "and to make donations thereof to said railroad for the purpose of aiding in the construction and completion of said road ;" and such towns " are further authorized to issue bonds therefor,"   *   *   *   " provided that no donation shall be made, or no tax levied, until the same shall be voted for as hereinafter provided." And section 9 must be taken (by reason of section 19) as providing, that "whenever twenty-five voters of" any such town "shall make a written application to the clerk thereof, requiring an election by the legal voters of such "   *   *   *   town, "to determine whether such donation shall be made and such tax levied—specifying in such application the amount—such clerk shall file such application in his office, and immediately give the

notice, as required by law, for an election to be held" * * " such notice to be given at least thirty days prior to the day of holding such election, and said elections shall be held and conducted * * * as in case of annual elections."

And the 10th section (by reason of section 19) must be taken as providing, that " if a majority of the voters voting at such election shall be in favor of such donation, and tax for the payment thereof, then such" * * * "town" * * * " by its proper corporate authorities, shall levy such tax, and donate to such corporation the amount thereof to be determined or voted for at such election, and shall issue to said corporation bonds for such amount."

And section 11 (by operation of section 19) must be taken as providing, that if any such town " shall subscribe a donation under the provisions of this act, and shall issue their bonds, said bonds shall be in full payment of their said subscription" (or donation).

In this view of the meaning of this statute, we think, under our constitution, full power was conferred upon townships to make valid donations, and to issue valid bonds therefor to this railroad company.

Has this been done in the case at bar? These bonds are executed by the supervisor and town clerk of the town. It is insisted that the supervisor of the town is not the " town authority," and has no power, as such, to levy a tax, subscribe or donate the same, or make bonds in behalf of the town; and attention is called to the language of the statute, which, it is said, designates, as the actors for the town, in levying the tax, making the subscription and issuing the bonds, the same persons,—that is, " the proper corporate authorities " thereof.

We conceive that by the use of the phrase, " by its proper corporate authority," in section 10, the legislature did not intend to say that the same officials should levy the tax, make the subscription and issue the bonds. Each of these acts was to be done by the town or township. And each

such act of the town was to be done by some functionary of the town, proper or appropriate to the doing of that particular act, and it might well be that the "corporate authority," or functionary of the town, which would be proper or appropriate to do one of these acts, might not be the same "corporate authority" or functionary proper or appropriate for the doing of some *other* of these acts. The supervisor of the town is not the appropriate officer to determine, in behalf of the town, whether a given liability should be assumed by the town, and a tax levied to discharge the same, because that requires the action of the voters of the town in town meeting; nor is he an appropriate officer to levy a tax thus directed to be levied, for that must be done by other officials; but he may be and is a very appropriate officer to perform the duty of subscribing to the stock of a corporation when such subscription has been directed by a vote in town meeting; and a very appropriate officer or "proper corporate authority" to sign and seal, in behalf of the town, bonds for the payment of a subscription or donation, already directed by the vote of the town meeting. It was so held in *Town of Windsor* v. *Hallett, ante* p. 204, and the *Town of Prairie et al.* v. *Lloyd et al., ante* p. 179.

This objection, and all objections presented, other than the first objection, *supra*, (of an alleged want of statutory authority for the making of the donation by the town), relate to the regularity in the making of the bonds, rather than to the power. Such objections can not prevail against *bona fide* holders.

The judgment of the Appellate Court in this case is, therefore, affirmed.

*Judgment affirmed.*